UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re the Chapter 13 proceedings of
VALERIE A. RUHL,
        Appellant-Plaintiff,

   v.                                     Case No. 08C0371

HSBC MORTGAGE SERVICES, INC.,
        Appellee-Defendant.

_____

In re the Chapter 13 proceedings of
LYSBETH A. CASE,
        Appellant-Plaintiff,

   v.                                     Case No. 08C0372

WELLS FARGO BANK, N.A.,
        Appellee-Defendant.

_____

In re the Chapter 13 proceedings of
SHANEDRA E. JOHNSON,
        Appellant-Plaintiff,

   v.                                     Case No. 08C0373

U.S. BANK NATIONAL ASSOCIATION,
        Appellee-Defendant.

_____

In re the Chapter 13 proceedings of
JOHN F. HERRERA,
        Appellant-Plaintiff,

   v.                                     Case No. 08C0374

JPMORGAN CHASE BANK, N.A.,
        Appellee-Defendant.

_____

**In re the Chapter 13 proceedings of**
**OLIVER L. NEWSOM and**
**CLAUDIA M. NEWSOM,**
        **Appellants-Plaintiffs,**

   v.                                           **Case No. 08C0378**

**BANK OF AMERICA CORPORATION,**
        **Appellee-Defendant,**
_____

**In re the Chapter 13 proceedings of**
**JEROME E. OVEN and**
**ANNE E. OVEN,**
        **Appellants-Plaintiffs,**

   v.                                           **Case No. 08C0379**

**UNIVERSAL SAVINGS BANK,**
        **Appellant-Defendant.**
_____

**In re the Chapter 13 proceedings of**
**JAMES B. JENDUSA and**
**KATHLEEN F. JENDUSA,**
        **Appellants-Plaintiffs,**

   v.                                           **Case No. 08C0382**

**NORTH AMERICAN SAVINGS BANK, F.S.B.,**
        **Appellee-Defendant.**
_____

## **ORDER**

On May 6, 2008, debtor-appellants filed a motion to consolidate the above bankruptcy appeals pursuant to Fed. R. Civ. P. 42(a) and Civ. L.R. 42.1 (E.D. Wis.). No appellee has objected to consolidation. All appeals are taken from United States Bankruptcy Judge James E. Shapiro's March 19, 2008 order, in which the bankruptcy court

granted the secured creditors' motions to dismiss the consolidated adversary proceedings. The bankruptcy court's legal reason for granting the motions to dismiss was identical in all cases – namely, that the debtors' claims were barred by res judicata. Thus, I find that the present appeals involve a common question of law or fact and that consolidation would conserve judicial resources and avoid the possibility of inconsistent rulings. Appellants' motion to consolidate will be granted. Pursuant to Civil L.R. 42.1(b), all subsequent filings shall be docketed in Case No. 08-C-0371.

Appellants have also requested an extension of time to file their brief in support of their appeal. The request is granted, and appellants' brief will be due on or before June 16, 2008. The due dates for subsequent briefs are those specified by Fed. R. Bankr. P. 8009.

For the reasons stated,

**IT IS ORDERED** that appellants' motion to consolidate the above-captioned cases is **GRANTED**. Case Nos. 08-C-0371, 08-C-0372, 08-C-0373, 08-C-0374, 08-C-0378, 08-C-0379, and 08-C-0382 are hereby consolidated for all purposes under Case No. 08-C-0371. The clerk of court is directed to take all appropriate steps to effect the transfer and consolidation of these cases.

**IT IS FURTHER ORDERED** that appellants' motion for extension of time is **GRANTED**. Appellants' brief is due on or before June 16, 2008, and all subsequent briefs are due as specified by Fed. R. Bankr. P. 8009.

3

Dated at Milwaukee, Wisconsin, this 14 day of May, 2008.

/s_____
LYNN ADELMAN
District Judge